UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| TIMOTHY PERRY, et al., <br><br> Plaintiffs, <br><br> v. <br><br> ROBERT LEMAY, et al., <br><br> Defendants. | Case No. 2:25-CV-90-GSL-JEM |

## **OPINION AND ORDER**

This matter is before the Court on Plaintiffs Timothy Perry and Helen Sheridan's Motion for Reconsideration [DE 55] of the Court's Opinion and Order [DE 52], entered on December 4, 2025. Defendants John Wall, Robert LeMay, and the Town of Long Beach, Indiana (collectively, the "Town Defendants") responded on January 16, 2026 [DE 70]. Plaintiffs did not file a reply. For the reasons set forth below, Plaintiffs' Motion to Reconsider is **DENIED**.

## **BACKGROUND**[1]

This case ultimately stems from the investigation, arrest, and prosecution of Plaintiffs. In 2023, Plaintiffs Perry and Sheridan worked in the Clerk-Treasurer's Office in the Town of Long Beach, Indiana ("the Town"). Under the scope of their employment, Plaintiffs were responsible for processing checks and funds for projects commissioned by the Town. Defendants Wall and LeMay served as board members on the Town Council. Throughout 2023, Plaintiffs Perry and Sheridan and Defendants Wall and LeMay were at odds with one another regarding both the financing of a construction project for a new firehouse/public safety building, as well as the

---

[1] This is an abridged summary of this action's factual history. For a full outline of the factual and procedural history, *see* the Court's Opinion and Order on Defendants' Motions to Dismiss, entered on December 4, 2025 [DE 52 at 2–6] (*Perry v. LeMay*, 2025 WL 3496153 (N.D. Ind. Dec. 4, 2025)).

payment of the Town's Chief of Police, who was simultaneously acting as the Town's Administrator. Plaintiffs refused to process a payment for either the construction project or the Chief's salary, finding the former to be frivolous and unnecessary, and the latter to be illegal.

After making several whistleblowing reports about the perceived illegality surrounding these funding disputes to various entities and individuals, including the Indiana State Board of Accounts, the FBI, and LaPorte County Prosecutor Sean Fagan, the Indiana State Police was reportedly called in by the Chief of Police and Defendants to initiate an investigation into Plaintiffs' conduct. In particular, it was alleged that upon a review of Plaintiff Sheridan's email account following her departure from the Clerk-Treasurer's Office, both Plaintiff Sheridan and Plaintiff Perry had deleted numerous emails from their public email accounts. Plaintiffs were subsequently investigated, arrested, and prosecuted.

Plaintiffs thereafter initiated this action and filed their Complaint on February 25, 2025, raising numerous claims on both federal and state grounds against multiple defendants. As relevant here, Plaintiffs' claims against the Town Defendants included the following: Count I—First Amendment retaliation and retaliatory arrest, pursuant to 42 U.S.C. § 1983; Count II—Fourteenth Amendment Equal Protection (Class-of-one), pursuant to § 1983; Count III—vicarious (*respondeat superior*) liability under Indiana state law; and Count VI—willful and wanton conduct under Indiana state law. In lieu of answering the Complaint, three sets of defendants—including the Town Defendants—filed their respective motions to dismiss, which the Court either granted in whole or in part. [*See* DE 19 (Defendant Bohling's Motion, granted in part); DE 25 (Defendant K-Plus's Motion, granted in whole); DE 29 (Town Defendants' Motion, granted in part)].

More specifically, and as to the Town Defendants' Motion, the Court found Plaintiffs' First Amendment claim under Count I failed as to Defendant Wall because Plaintiffs did not adequately allege personal involvement, a prerequisite to bringing their § 1983 claim. *See* [DE 29 at 27]. The Court likewise found the same for Plaintiffs' class-of-one claim under Count II. [*Id.*]. The Court did find, however, that as to Defendant LeMay, Plaintiffs sufficiently alleged the requirements to bring their § 1983 claims under both Counts I and II—that is, Plaintiffs plausibly alleged that Defendant LeMay was both personally involved in and acting under the color of state law when Plaintiffs' constitutional deprivations occurred. [*Id.* at 27–29]. As for Counts III and VI, the Court found Plaintiffs' *respondeat superior* claim was tethered to their willful and wanton conduct claim, and because Plaintiffs' failed to comply with the notice requirement under Indiana's Tort Claims Act—a procedural bar to bringing suit against a governmental entity or employee under Indiana law, *see Schoettmer v. Wright*, 992 N.E.2d 702, 706 (Ind. 2013) (citing Ind. Code § 34-13-3-8), both claims were dismissed as to each of the respective Town Defendants named. As a result, Count VI was dismissed as to Defendant LeMay, while Defendant Wall and the Town were dismissed outright from the suit.

On December 11, 2025, Plaintiffs filed a Motion for Reconsideration [DE 55]. The Town Defendants filed a response on January 16, 2026 [DE 70]. Plaintiffs did not file a reply. The Motion is now ripe for ruling.

## **LEGAL STANDARD**

Under Rule 59(e), a party may file a motion to reconsider within 28 days of entry of the judgment. Fed. R. Civ. P. 59(e). However, "relief under Rules 59(e) and 60(b) are extraordinary remedies reserved for the exceptional case . . . ." *Foster v. DeLuca*, 545 F.3d 582, 584 (7th Cir. 2008). These types of motions "serve a limited function, to be used 'where the Court has patently

3

misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension.'" *Davis v. Carmel Clay Sch.*, 286 F.R.D. 411, 412 (S.D. Ind. 2012) (quoting *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir.1990)). Specifically, "[a] Rule 59(e) motion will be successful only where the movant clearly establishes '(1) that the court committed a manifest error of law or fact, or (2) that newly discovered evidence precluded entry of judgment.'" *Cincinnati Life Ins. Co. v. Beyrer*, 722 F.3d 939, 954 (7th Cir. 2013) (quoting *Blue v. Hartford Life & Accident Ins. Co.*, 698 F.3d 587, 598 (7th Cir. 2012)). A "manifest error' is not demonstrated by the disappointment of the losing party. It is the wholesale disregard, misapplication, or failure to recognize controlling precedent." *Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000) (internal quotation marks omitted).

## DISCUSSION

Plaintiffs challenge only the Court's findings as to Counts III and VI.[2] As to Count VI, Plaintiffs argue the Court misapplied and disregarded well settled law, as well as failed to recognize controlling precedent, when it dismissed Plaintiffs' state law claims.[3] Specifically, Plaintiffs assert that Defendant Wall was sued in his individual capacity pursuant to federal tort claims, and that the only state law claim raised was for *respondeat superior* liability against the Town under Count III. [DE 56 at 3]. Plaintiffs next argue that "[t]o the extent willful and wanton is/are defined as a tort," Defendant Wall was "sued pursuant to having acted in the scope of

---

[2] In both their Motion and Memorandum in Support, Plaintiffs note they are not requesting that Defendant LeMay be re-added to Counts III and VI. [DE 55 at 1; DE 56 at 1]. Interestingly, Defendant LeMay was never named under Count III. *See* [DE 1 at 15]. Nonetheless, given Plaintiffs' narrowing of their Motion the Court's analysis will be strictly confined to its previous findings as they pertain to the Town and Defendant Wall.

[3] Plaintiffs assert in their Memorandum in Support that the dismissal of "Count I" was a misapplication of well settled law. [DE 56 at 2]. Plaintiffs, however, are not challenging anything but the dismissal of Counts III and VI, suggesting this was a typographical error on Plaintiffs' part.

4

employment. Scope of employment does not apply to the federal claims." [*Id.*]. Finally, Plaintiffs argue that the filing of a tort claim notice was unnecessary because the tort claim notice applies only to a political subdivision and not an individual.

Plaintiffs' arguments are confusing and unclear. More importantly, though, Plaintiffs do not demonstrate any newly discovered evidence or manifest errors of law to support their request for reconsideration. Rather, the face of Plaintiffs' arguments appear to be nothing more than attempts to rehash arguments already made before the Court when addressing the motions to dismiss. *See Caisse Nationale de Credit Agricole v. CBI Indus., Inc.*, 90 F.3d 1264, 1270 (7th Cir. 1996) ("Reconsideration is not an appropriate forum for rehashing previously rejected arguments or arguing matters that could have been heard during the pendency of the previous motion.").

First, Plaintiffs offer no citations to support their assertion that willful and wanton conduct is a claim supported under federal tort law. Second, the caselaw Plaintiffs cite for their tort claim notice argument is not on-point, does not support their assertion, and does not rebut the analysis conducted by the Court in its Opinion and Order in finding that a tort claim notice is required for individual governmental employees sued for acts committed within the scope of their employment.

Third, Plaintiffs reliance on Indiana Code Section 34-13-3-3 is misplaced. In particular, Plaintiffs continue to assert that governmental employees acting within the scope of their employment are immune from suit. *See, e.g.*, [DE 56 at 6]. However, Section 34-13-3-3 does not instill broad immunity, but rather immunity under particular circumstances. Because Plaintiffs seemed to allege conduct falling outside any of the circumstances permitting immunity, it is unclear to the Court how this would require reviewing Plaintiffs' claim outside the parameter of

the Indiana Tort Claims Act, which was the ultimate procedural basis for dismissing Plaintiffs' state claim. And even if the Court were to find that Defendant Wall had immunity under Section 34-13-3-3, this would only serve as an additional basis for dismissing Plaintiffs' claim as to him, thereby rendering Plaintiffs' reliance on the immunity statute even more perplexing. Finally, Plaintiffs do not offer any argument as to how the Court erred in dismissing their *respondeat superior* claim under Count III.

## **CONCLUSION**

For the foregoing reasons, the Court **DENIES** Plaintiff's Motion for Reconsideration [DE 55].

SO ORDERED.

ENTERED: February 3, 2026

/s/ GRETCHEN S. LUND
Judge
United States District Court